## MARSHALL HIPES v. THE STATE OF INDIANA.

1. *Averment in Information.*—In a prosecution for allowing a minor to play billiards, an averment in the information that the accused was the owner and had the management of the table is sufficiently expressed by the language, "he then and there being the owner of, and then and there having the care, control and management of." This is not a mere recital, but a direct charge.

2. *Jurat of Affidavit.*—An affidavit will, on appeal, be presumed to have been signed by the proper officer, even if his official designation does not appear affixed to the jurat, unless the contrary is shown.

3. *Right of Accused to Request Instruction.*—An accused person has a right to ask a specific instruction applying to the particular facts of the case as developed by the evidence.

4. *Nature of the Control of the Billiard Table.*—The responsibility of one allowing a minor to play does not under the statute arise from a mere personal management. If the act is done with his knowledge, when he did not interpose his authority and right of control to prevent it, he is liable to the penalty, although another person had, at the time, the immediate personal care and management of the table, under his general control.

Filed April 23, 1881.

Appeal from Henry Circuit Court.

Mark E. Forkner, and Hermly & Brown for appellant.

D. P. Baldwin, Attorney General, and W. W. Thornton, for the State, cited *Baugh* v. *State*, 14 Ind. 29 ; *Whitney* v. *State*, 35 Ind. 503, as to sufficiency of averment in the information ; *Brooster* v. *State*, 15 Ind. 191, as to officer's signature ; *Jomer* v. *State*, Nov. term, 1880, as to distinction between "object" and "except."

Opinion of the court by Mr. Justice Elliott.

Prosecution against appellant for permitting a minor to play a game of billiards upon a billiard table of which appellant is alleged to have been the owner and manager.

It is argued by the appellant that the information is insufficient, because it does not aver that the appellant was the owner, or had the care or management of the table upon which the game was played. The allegation upon this point is as follows: "Which said billiard table he, the said Marshall Hipes, then and there being the owner of, and then and there having the care, control and management of." We think this is sufficient. The allegation is not, as counsel assert, a mere recital ; it is a direct charge that the appellant was the owner of the table upon which the minor was allowed to play.

It is also contended by appellant's counsel that the affidavit upon which the information is based is insufficient because not attested by a seal. The jurat is as follows: "Subscribed and sworn to before me this 22d day of January, 1880. John S. Hedges." We think that we are bound to presume that the affidavit was sworn to before the clerk of the Henry Circuit Court. The court *ex officio* takes notice of its officers and their signatures, and we must presume that the Henry Circuit Court did take notice that John S. Hedges was its clerk and that the signature attesting the affidavit was his. *Brooster* v. *State*, 15 Ind. 191 ; *Buell* v. *State*, this term.

Error is assigned upon the ruling denying the appellant's motion for a new trial, and this assignment and counsel's argument require us to examine the ruling of the court refusing instructions asked by the appellant. The appellant asked the court to give the jury the following instructions: " If the billiard tables belonged to the defendant's wife, and he had hired one Listen Allspaugh for his wife to take charge of the tables, and he did so, and Hipes had no personal charge or care of the tables, you should find for the defendant, even though the defendant may have been present and may have seen the witness, William Kinsey, playing at the tables." The court refused to give the instructions as asked. The court, however, upon its own motion, gave the following instruction: " This is a criminal prosecution, and to entitle the State to a conviction of the defendant, his guilt must have been proved as charged in the information beyond a reasonable doubt. The material averments of the information are that the defendant, Marshall Hipes, at the county of Henry and State of Indiana, at some time within the two years immediately preceding the commencement of this prosecution, was the owner of, or had the care, management or control of a billiard table, and then and there being such owner, or having such control, management or care, suffered William Kinsey to play a game of billiards on said table with one James Sisemore, and that the said William Kinsey was a minor under the age of twenty-one years. If you have a reasonable doubt of any one of these material averments you must acquit the defendant."

The State insists that the instruction given by the court embraces that asked by the appellant, and that there was, therefore, no error in refusing it even if correct and relevant. This position is untenable. The appellant had a right to ask a more specific instruction than the general one given by the court. It was his right to have a specific instruction applying to the facts of the particular case as developed by the evidence.

We are, therefore, required to determine whether the appellant had a right to have the instruction asked by him given to the jury. The instructions asked limits the liability of the appellant to a personal care or charge of the tables, for no other meaning can be justly assigned to the word *personal* as used in the instruction. The appellant may have been liable, although he had not in *person* con-

trolled or managed the table. If he had the general management and control of the table upon which the game was played, he would still be liable, even though at the time the game was played by the minor, he had employed some one else to personally manage and control it. It was not necessary for the State to prove that the appellant had personal charge or control of the table, for if he was the person to whom the owner had entrusted the care and management, it was his duty to have prevented minors from playing, and if he was present and saw the minor play, he would be liable to a prosecution, unless he exercised his general authority to prevent him from playing. One having the general care and management of a billiard table can not evade the law by showing that at the time the game was played by the minor he was present, but did not personally control or manage the table. Under the evidence the instruction asked was rightly refused, because it limited the appellant's liability to a personal care, management and control, whereas he was liable to prosecution if he had the general management and control, although another at the time the game was played had been given the immediate personal care and management.

Appellant also complains of the refusal to give the first instruction asked by him, but there was no error in this ruling, because the instruction given by the court fully covered that asked by the appellant.

The evidence fairly supports the verdict. It impresses us, as it doubtless did the jury, that the defense was an attempt to evade the law by proving appellant's wife to be the owner of the table on which the game was played, and by showing that at the time the game was played by the minor the appellant had procured another to give immediate personal supervision and control. It fully and satisfactorily appears that the appellant did have a general control and management of the tables, for it is clear that his wife, the alleged owner, gave them no actual attention whatever, leaving all matters connected with them to the management of the appellant.

Judgment affirmed at costs of appellant.